**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

| | | |
|---|---|---|
| TABATHA NOWELL, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| VERANO HOLDINGS CORP. d/b/a MUV, an Illinois corporation, | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant, Verano Holdings Corp. d/b/a MUV ("Verano"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, gives notice that it is removing the action styled Tabatha Nowell v. Verano Holdings Cop. d/b/a MUV, Case No. CACE26008093, currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida. Removal is appropriate because there is federal question and diversity jurisdiction. In support thereof, Verano states as follows:

**Background and the State Court Action**

1. On May 14, 2026, Plaintiff Tabatha Nowell ("Plaintiff") initiated the State Court Action by filing a putative class action complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. A copy of the Complaint (the "Complaint") is attached as Exhibit A.

2. On May 28, 2026, Verano was served with a copy of the summons and Complaint. Plaintiff has not yet filed any affidavit or return of service.

3. No substantive matters have been addressed in the State Court Action as of the date of this filing and Verano has not filed any responsive pleading to the Complaint in that court.[1] Pursuant to 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, and orders which have been served upon Verano in this matter are collectively attached hereto as Exhibit B.

**Timeliness of Removal and Venue**

4. This Notice of Removal is timely filed within thirty days of Plaintiff's service of the summons and Complaint on Verano. *See* 28 U.S.C. § 1446(b).

5. The Circuit Court of Broward County, Florida is located within the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 89(c). Thus, venue is proper in this Court under 28 U.S.C. § 1441(a) because the Southern District of Florida "embraces" the state court in which the removed action is pending.

**Grounds for Removal**

**A. Federal Question Jurisdiction**

6. Removal is proper pursuant to 28 U.S.C. § 1331 because the State Court Action arises under the laws of the United States. Specifically, as alleged in the Complaint, "[t]his Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA." (Ex. A: Compl. ¶ 7.) The single-count Complaint alleges violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1601(e)(1). (*Id.* ¶¶ 32-37)

7. Federal Courts have federal question jurisdiction over private suits brought under the Telephone Consumer Protect Act. *See Mims v. Arrow Fin. Srvcs.*, 565 U.S. 368, 376 (2012); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014); *Petrovich v. YF FC Operations, LLC*, 2025 WL 3755406, at *1, Case No. 24-60825-CIV-SINGHAL (slip. op.) (S.D.

[1] Verano is diligently investigating whether Plaintiff is subject to a mandatory arbitration obligation. Nothing herein constitutes a waiver of Verano's right to arbitrate, which Verano reserves the right to pursue.

Fla. May 6, 2025) ("This Court has federal question jurisdiction, given this action arises under the TCPA.").

**B. Diversity Jurisdiction**

8. Alternatively, removal is proper pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under 28 U.S.C. § 1332(a), as there is complete diversity between the parties and, upon information and belief, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Further, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted).

10. As set forth in Plaintiff's Complaint, Plaintiff is a "citizen and resident of Broward County Florida" and Verano "is a corporation with its headquarters located in Chicago, Illinois." (Ex. A: Compl. ¶¶ 9-10.)

11. "A corporation is a citizen of any State in which it was incorporated and of the State of its one principal place of business." *Neiman v. AllState Ins. Co.*, No. 25-cv-80817, 2025 WL 2627393, at *2 (S.D. Fla. Sept. 12, 2025). Verano Holdings Corp. is incorporated in the State of Nevada, with its principal place of business in the State of Illinois. See Exhibit C (Verano Holdings Corp. Articles of Incorporation). Thus, Verano is a Nevada and Illinois citizen for purposes of diversity jurisdiction.

12. Thus, there is complete diversity between the parties in the above-captioned case.

13. Pursuant to 28 U.S.C. § 1332(a), a federal court maintains diversity jurisdiction over a case "where the matter in controversy exceeds the sum or value of $75,000."

14. Plaintiff's Complaint alleges that "[t]he matter in controversy exceeds the sum or value of $50,000, exclusive of interest, costs, and attorney's fees." (Ex. A: Compl. ¶¶ 20)

15. "When damages are not specified in the state-court complaint, the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds . . . the jurisdictional requirement." *Payne v. J.B. Hunt Transp., Inc.*, 154 F. Supp. 3d 1310, 1313 (M.D. Fla. 2016) (citation omitted). However, on some occasions, "it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (cleaned up).

16. "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Id.* at 1061-62 (*citing Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

17. In the above-captioned case, it is "facially apparent from the pleading" *see Roe*, 613 F.3d at 1061, that Plaintiff's alleged damages exceed $75,000. Specifically, Plaintiff brings a nationwide class for alleged violations during a four-year period that allegedly carry "a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated." (Ex. A: Compl. ¶¶ 2, 21, 36-37).

18. Verano has hundreds of thousands of customers nationwide. Based upon the foregoing, the amount in controversy requirement is satisfied.

**<u>Conclusion</u>**

19. As set forth above, this Court has federal question and diversity jurisdiction over this matter. Verano submits this Notice of Removal without waiving any defenses to the claims

asserted by Plaintiff or the putative class, without conceding liability, fault, damages, or that Plaintiff has pled a claim upon which relief could be granted, and expressly preserves all defenses to the Complaint, including that the matter is subject to arbitration and is not appropriate for class resolution.

20. A copy of this Notice of Removal is being served upon all known counsel of record as required by law, and a notice of removal is being filed with the Clerk of the Circuit Court of Broward County, Florida simultaneously with this filing.

WHEREFORE, Defendant, Verano Holdings Corp. d/b/a MUV, respectfully requests that the action styled Tabatha Nowell v. Verano Holdings Cop. d/b/a MUV, Case No. CACE26008093, currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed to this Court, and further requests that this Court accept jurisdiction of this action, place this action upon the docket of this Court for further proceedings, as if the action originally had been instituted in this Court, and make such further orders as are just and equitable.

Dated: June 26, 2026

Respectfully submitted,

*/s/ Steven M. Appelbaum*

Steven M. Appelbaum
Florida Bar No. 71399
Saul Ewing LLP
200 East Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (305) 428-4500
Facsimile: (305) 374-4744
E-Mail: steven.appelbaum@saul.com
susan.lewis@saul.com

*Attorney for Defendant Verano Holdings Corp. d/b/a MUV*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served via an automatic email generated by the Florida Courts E-Filing Portal on the 26th day of June, 2026 on:

Mitchell D. Hansen, Esq.
Samuel J. Awad, Esq.
Zane C. Heyada, Esq.
Gerald D. Lane, Jr., Esq.
The Law Offices of Jibrael S. Hindi
1515 Northeast 26th Street
Wilton Manors, FL 33305
mitchell@jibraellaw.com
samuel@jibraellaw.com
zane@jibraellaw.com
gerald@jibraellaw.com
*Attorney for Plaintiff*

*/s/ Steven M. Appelbaum*
Steven M. Appelbaum
Florida Bar No. 71399